1   MATTHEW F. MILLER (State Bar No. 172661)
2   **SCHNADER HARRISON SEGAL & LEWIS LLP**
    One Montgomery Street, Suite 2200
3   San Francisco, CA 94104-5501
    Telephone: (415) 364-6700
4   Fax: (415) 364-6785
    Email: mmiller@schnader.com
5

6   BRUCE A. McDONALD, *pro hac vice*
    **SCHNADER HARRISON SEGAL & LEWIS LLP**
7   2001 Pennsylvania Avenue, N.W., Suite 300
    Washington, D.C. 2006
8   Telephone: (202) 419-4235
    Fax: (202) 419-3454
9   Email: bmcdonald@schnader.com
10
    Attorneys for Plaintiff **CATHOLIC CHARITIES CYO**
11

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14
    **CATHOLIC CHARITIES CYO,**            )   Case No.  C 07-02658 SI
15                                         )
                Plaintiffs,                )   **STIPULATION AND ORDER OF**
16                                         )   **DISMISSAL OF CLAIMS BETWEEN**
                                           )   **PLAINTIFF AND DEFENDANTS**
17      v.                                 )
                                           )
18   **MARY W. GORDON,** *et al.,*          )
                                           )
19                                         )
                Defendants.                )
20   _____      )

21

22        IT IS HEREBY STIPULATED by and between plaintiff Catholic Charities CYO

23   ("Plaintiff") and defendants Caritas Creek, Inc.; Mary W. Gordon; Erik "Witake" Oberg; Emily

24   Ordway; and Paula Pardini (collectively "Defendants"), through their designated counsel, that

25   the respective claims raised between Plaintiff and Defendants in the above-captioned action be,

26   and hereby are, dismissed with prejudice pursuant to F.R.C.P. 41(a)(1).

27        IT IS FURTHER STIPULATED by and between Plaintiff and Defendants, and the

28   parties respectfully request, that Judge Susan Illston retain jurisdiction over this matter following

LAW OFFICES OF
SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
(415) 364-6700

1    entry of this Stipulation of Dismissal to enforce the terms of the Settlement Agreement arrived at

2    between Plaintiff and Defendants, a true and correct copy of which attached hereto as Exhibit A,

3    the terms of which are incorporated herein.

4

5    Dated: September  5  , 2007.            SCHNADER HARRISON SEGAL & LEWIS LLP

6

7                                           By  /s/Matthew F. Miller

8                                               MATTHEW F. MILLER
                                                BRUCE A. McDONALD, *pro hac vice*
9                                           Attorneys for Plaintiff CATHOLIC CHARITIES
10                                          CYO

11   Dated: September  5  , 2007.            TOWNSEND and TOWNSEND and CREW LLP

12

13

14                                          By

15                                              JOHN E. LORD
                                            Attorneys for Defendants CARITAS CREEK, INC.;
16                                          MARY M. GORDON; ERIK "WITAKE" OBERG;
                                            EMILY ORDWAY; and PAULA PARDINI
17

18                                          **IT IS SO ORDERED**

19

20   Date: _____

21

22                                          The Honorable Susan Illston

23

24

25

26

27

28

-2-

STIPULATION AND ORDER OF DISMISSAL OF CLAIMS BETWEEN PLAINTIFF AND DEFENDANTS
*Catholic Charities CYO v. Mary W. Gordon, et al.*, Case No. C 07-02658 SI

SFDATA 627481_1

LAW OFFICES OF
SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
(415) 364-6700

# EXHIBIT A

## AGREEMENT

This AGREEMENT ("Agreement") is effective as of the 30th day of August, 2007 (the "Effective Date"), by and between Catholic Charities CYO, a California corporation, with its principal place of business at 180 Howard Street, Suite 100, San Francisco, CA 94105 ("Catholic Charities") on the one hand; and Caritas Creek, a California corporation, with its principal place of business at 99 Monte Cresta Ave., #C, Oakland, CA 94611; Mary Gordon, a California resident; Erik "Witake" Oberg, a California resident; Emily Ordway, a California resident; and Paula Pardini, a California resident (collectively referred to as "Caritas Creek"), on the other hand.

## RECITALS

WHEREAS, on May 4, 2007, the State of California, Secretary of State issued a "Certificate of Registration of Service Mark" and certified the registration of the service mark CARITAS CREEK, Service Mark Reg. No. 63,443, to Catholic Charities (the "Registration");

WHEREAS, Catholic Charities has filed a trademark application before the United States Patent and Trademark Office for the service mark CARITAS CREEK (the "Application");

WHEREAS, on May 18, 2007, Catholic Charities filed a Complaint against Caritas Creek in the Northern District of California, United States District Court, Civil Action No. 07-2658 SI (the "Action"), alleging federal and state causes of action, including service mark infringement, dilution, false advertising and unfair competition;

WHEREAS, on July 27, 2007, Caritas Creek filed an Answer in the Action, and asserted Counterclaims against Catholic Charities for federal and state causes of action for unfair competition (the "Counterclaim Action");

WHEREAS, Caritas Creek and Catholic Charities have negotiated the terms of an agreement under which they will resolve the disputes regarding the CARITAS CREEK service mark and conclude the Action and Counterclaim Action, through a dismissal with prejudice of the Action and dismissal with prejudice of the Counterclaim Action, with both sides to bear their own costs and attorneys fees incurred.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth, and good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1.    Cessation of use of CARITAS CREEK Service Mark.

1.1    Provided it is in full compliance with the terms of this Agreement, Catholic Charities shall have until September 30, 2007, in which to cease all use of the CARITAS CREEK mark, for any purpose, including as a trademark, service mark, corporate or trade name or as a domain name, and shall forever refrain from using or registering any name, mark, or domain name incorporating the term "CARITAS

1

CREEK" or any other term confusingly similar to or dilutive of the term "CARITAS CREEK," as defined above. During this Period, and subject to other restrictions set forth in this Agreement, Catholic Charities shall not lessen the quality of any services offered under the CARITAS CREEK mark.

      1.2.   Catholic Charities represents that it shall abandon and surrender its Registration, withdraw its Application, and that it does not own any other federal or state trademark registrations or pending applications for the CARITAS CREEK mark.

      1.3.   On or before September 30, 2007, Catholic Charities agrees to notify Caritas Creek at the address identified in Section 5.9 that it is in compliance with Sections 1.1 and 1.2 of this Agreement. Catholic Charities further agrees that this notice will include a copy of the notice of surrender or abandonment of the Registration, and notice of withdrawal of the Application.

      2.   Disclaimer. Caritas Creek shall include a disclaimer of affiliation with CYO on the home page of its website and in all advertising and promotion for a period of two years commencing with the effective date of this Agreement. The disclaimer shall state, "Caritas Creek is not affiliated with Catholic Charities CYO."

      3.   Dismissal. Within five (5) business days of the Effective Date, Catholic Charities shall file a dismissal of the Action with prejudice and Caritas Creek shall file a dismissal of the Counterclaim Action with prejudice.

      4.   Jurisdiction. The United States District Court for the Northern District of California shall retain jurisdiction over this settlement to enforce its terms and to resolve disputes, if any, that may arise in connection therewith. In the event of a breach of this Agreement, the parties acknowledge and agree that the recovery of damages will not be a sufficient remedy and agree that the aggrieved party shall be entitled to specific performance of this Agreement in addition to any and all other remedies, legal or equitable, to which it may be entitled. It is further agreed that, in the event that the Court were to find a violation of the Agreement by the Catholic Charities, Catholic Charities would voluntarily stipulate to entry of a consent decree of permanent injunction against use and registration of the CARITAS CREEK mark.

      5.   General Provisions.

      5.1.   Release. Subject to satisfaction of the terms of this Agreement, the parties each hereby release each other, and their principals, agents, officers, directors, employees, affiliated entities, successors, heirs and assigns from any and all manners of actions, causes of actions, suits, proceedings, debts, contracts, judgments, damages, costs, claims and demands of any kind, whether in law, equity or otherwise, which they ever had, now have or may have in the future based on events occurring prior to the date of this Agreement and related to the subject matter of this Agreement.

      5.2   Section 1542 Waiver. As further consideration for the Agreement and for the purpose of implementing full and complete mutual releases, each party hereby expressly acknowledges and agrees that the releases described above extend to all claims

of every nature and kind, known or unknown, suspected or unsuspected, past, present or future, however arising, and that any and all rights granted to such pursuant to Section 1542 of the California Civil Code or any analogous applicable other state, federal or foreign law or regulation are hereby expressly waived. Section 1542 of the Civil Code of the State of California reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

5.3.    Applicability to Others. This Agreement shall inure to the benefit of and is binding on the parties hereto, their parent companies, owners, subsidiaries, divisions, affiliated companies, officers, agents, and all those acting in concert or participation with them or under their direction or control, and their respective successors and assigns.

5.4.    Warranty of Independent Advice. Each party warrants and represents that it has received independent legal advice from such party's attorney with respect to the rights and obligations arising from, and the advisability of executing, this Agreement, and that in executing this Agreement it has not relied upon any statements, representations or agreements other than those described herein.

5.5.    Warranty of Due Authorization. Each party warrants and represents that such party is fully entitled and duly authorized to enter into and deliver this Agreement, and perform its obligations hereunder. In particular, and without limiting the foregoing, each party warrants and represents that it is fully entitled to grant the releases, enter into the covenants, and undertake the obligations set forth herein.

5.6.    No Oral Modification. No provision of this Agreement may be modified, amended, or supplemented except in a writing signed by an authorized representative of each party to be bound.

5.7.    Integrated Agreement. This Agreement constitutes the entire understanding and contract between the parties with respect to the subject matter referred to herein. Any and all other representations, understandings, or agreements, whether oral, written, or implied, are merged into and superseded by the terms of this Agreement.

5.8.    Headings. The subject headings used in this Agreement are included for purposes of convenience only, and shall not affect the construction or interpretation of any provisions of this Agreement.

5.9.    Notices. Any communication or notice required or desired to be given hereunder shall be in writing and shall be served by certified United States Mail. Service of any notice upon a party hereto shall be deemed complete the fourth (4th) day following deposit of the notice in the United States Mail with postage thereon fully prepaid. In order to be effective, any notice must be served upon the persons designated to receive a copy thereof at the addresses set forth below:

3

| If to Caritas Creek: | Paul Vapnek, Esq. |
| --- | --- |
| | Townsend and Townsend and Crew LLP |
| | Two Embarcadero Center, 8th Floor |
| | San Francisco, CA  94111-3834 |
| | |
| If to Catholic Charities: | Matthew Miller, Esq. |
| | Schnader Harrison Segal & Lewis LLP |
| | One Montgomery Street, Suite 2200 |
| | San Francisco, CA  94104-5501 |

5.10.   Execution in Counterparts.  This Agreement may be executed and delivered in any number of counterparts.  Fax signatures shall be effective to bind the parties.  When each party has signed and delivered at least one counterpart to all other parties, each counterpart shall be deemed an original and all counterparts, taken together, shall constitute one and the same agreement, which shall be binding and effective on the parties hereto.

5.11.   Absence of Waiver.  The failure of any party to enforce at any time any provision of this Agreement shall in no way be construed as a waiver of such provision, nor in any way to affect the validity of this Agreement or any part thereof, or the right of any party to later enforce each and every such provision.  No waiver of any breach of this Agreement shall be held to be a waiver of any other or subsequent breach.

5.12.   Severability.  If any provision of this Agreement is found to be prohibited by law and invalid, or for any reason such provision is held unenforceable, in whole or in part, that provision shall be considered severable and its invalidity or unenforceability shall not affect the remainder of this Agreement, which shall continue in full force and effect.

5.13.   Attorney Fees.  Each party shall bear its own costs and attorney fees in connection with the Action and Counterclaim Action.  In the event that either party successfully initiates a proceeding to enforce the terms of this Agreement, such party shall be entitled to recover its costs and attorney fees.

///

///

///

///

///

///

///

4

WHEREFORE, this Agreement is executed by the duly authorized representatives of each party and is effective as of the date set forth above.

CARITAS CREEK, INC.

CATHOLIC CHARITIES CYO, INC.

Name:
Title: President, Caritas Creek
Bd. of Director's
Aug 31 , 2007

Name:  Brian Cahill
Title:  Executive Director

9/4/07 , 2007

Mary M. Gordon

Aug 31 . , 2007

Erik "Witake" Oberg

August 30th, 2007

Emily Ordway

August 30 , 2007

Paula Pardini

August 31 , 2007

61132613 v1

5